e

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOUBLE EAGLE ENERGY SERVICES, LLC<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-00573 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| MARKWEST UTICA E M G, LLC<br>Et al, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is "Defendants' Motion To Dismiss Complaint Pursuant to Rule 12(b)(1) and Rule 12(b)(3) of the Federal Rule of Civil Procedure and 28 U.S.C. § 1334(C)(1)" (Doc. 6) wherein the mover seeks to dismiss the claims of Double Eagle Energy Services, LLC ("DEES") because: (1) this Court lacks subject matter jurisdiction over Defendants MarkWest Utica EMG, LLC ("MarkWest") and Ohio Gathering Company, LLC ("Ohio Gathering"); or (2) of improper venue. Additionally, Defendants request that this Court abstain from presiding over this matter and dismiss it in the interest of justice and comity with Ohio state courts and respect for Ohio law. For the following reasons, the Motion to Dismiss should be GRANTED.

I.   Background

MarkWest solicited bids for construction of approximately 2.57 miles of natural gas pipeline (hereinafter referred to as the "Project") in Monroe County, Ohio. (Doc. 1, ¶ 4.). Ohio Gathering acquired pipeline, leasehold, and/or easement rights and interest in, across, and/or under the immoveable property involved with the Project.

Id. DEES submitted a bid and was awarded the contract for construction of the Project for a total lump sum amount of $3,550,086.14. (Id. ¶ 6).

DEES alleges in its complaint that almost immediately upon arrival, it encountered numerous issues that increased costs and resulted in the submission of multiple change orders. (Id. ¶ 12). DEES filed the instant suit for breach of contract because MarkWest refused to pay DEES for the change orders and withheld 10% of the contract as a retainage.[1] DEES seeks the sum of $3,779,197.53 plus pre-judgment and post-judgment interest, costs, and attorneys' fees. (Doc.1, Prayer, ¶ A). DEES also seeks to validate and foreclose upon its Mechanic's Lien under the statutory guidelines of the Ohio Revised Code.

Prior to filing this lawsuit, DEES filed for Chapter 11 bankruptcy in the Western District of Louisiana, Alexandria Division. In re Double Eagle Energy Services, L.L.C., Case No. 17-80717, United States Bankruptcy Court for the Western District of Louisiana. Defendants argue that this Court should dismiss the suit or abstain from presiding over it pursuant to 28 U.S.C. § 1334(c)(1) because it is a "non-core matter." Alternatively, Defendants argue that the suit should be dismissed because the Western District of Louisiana is an improper venue. Defendants further seek dismissal under the doctrine of *forum non conveniens* because the contract contains a mandatory forum selection clause which requires the adversary proceeding to be adjudicated in Ohio. Finally, Defendants rely on the "local action doctrine" to support dismissal.

---

[1] Pursuant to the contract, MarkWest withheld 10% of the contract price, or $355,008.62. (Id. ¶ 79). In addition, MarkWest only paid DEES $2,875,569.77, owing a balance of $319,507.75. (Id. ¶ 80).

Pursuant to a motion for leave (Doc. 15), Defendants filed a "Supplemental Memorandum in Further Support of Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) and Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1334(C)(1)" (Doc. 18). In their Supplemental Memorandum, Defendants inform the Court of recent developments in the bankruptcy case which deprive this Court of jurisdiction. As of this date, DEES has not sought leave to respond to Defendants' Supplemental Memorandum.

Attached to Defendants' Supplemental Memorandum is an "Order on Motion to Sell Movable and Immovable Property of the Estate to Secured Creditors" (the "Sale Order") dated October 4, 2018. (Doc. 18-1).

The Sale Order provides in pertinent part:

> IT IS FURTHER ORDERED that the Debtor hereby transfers and assigns to GBT all of its rights and interests in the following causes of action, themselves collateral of Gibsland.[2]
>
> A. Debtor's post-petition suit for breach of contract filed against Mark West Utica EMG, LLC, any lien rights referred to therein, pending in the United States District Court for the Western District of Louisiana, Alexandria Division, entitled "Double Eagle Energy Services, LLC versus Mark West Utica EMG, LLC", CASE No. 1:18-CV-00573.

The Sale Order further provides in pertinent part:

> IT IS FURTHER ORDERED that this order shall be determined to be a final order, self-executory, and implemented forthwith in accordance with Federal Rules of Bankruptcy Procedure 6004.[3]

---

[2] Although "Gibsland" is not a defined term in the Sale Order, presumably the term refers to GBT.
[3] Fed. R. Bankr. P. 6004(h) provides that "an order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court

3

Defendants argue that not only does the Sale Order extinguish this Court's subject matter jurisdiction, but it also invalidates this Court's exercise of personal jurisdiction over them.

## II. Law and Analysis

### A. Subject Matter Jurisdiction

In its complaint, DEES relies on 28 U.S.C. § 1334 to establish subject matter jurisdiction. Section 1334(b) provides that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." An action is "related to" a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Wood, 825 F.2d 90, 93 (5th Cir. 1987) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984.)). The Fifth Circuit has further stated that

> an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate. Conversely, the bankruptcy court has no jurisdiction over a matter that does not affect the debtor.

Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746, 753 (5th Cir. 1995) (internal citations omitted). Proceedings "related to" the bankruptcy "include . . . suits between third parties which have an effect on the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308, n.5, 115 S.Ct. 1493 (1995).

---

orders otherwise." The language quoted in the Sale Order appears to modify the automatic stay provisions of Rule 6004(h).

Defendants argue that because this civil suit was transferred to GBT, it can have no effect on DEES's bankruptcy because GBT will be the sole beneficiary of any recovery. Courts in this circuit have held that when a bankruptcy trustee sells a claim, bankruptcy jurisdiction is destroyed. See, e.g. Cadle Co. v. Pratt (In re Pratt), 00-35214, 2003 Bankr. LEXIS 1512 (Bankr. N.D. Tex. Nov. 19, 2003) (holding that when the Trustee sold its claims to Cadle Company, the bankruptcy court lost subject matter jurisdiction); Cataldi v. Olo Corp. (In re County Seat Stores, Inc.), 05-3694, 2007 Bankr. LEXIS 2163 (Bankr. N.D. Tex. June 20, 2007) (same).[4] The Court agrees with Defendants that the Sale Order to GBT causes this matter to have no conceivable effect on the administration of the bankruptcy estate. Thus, there is no jurisdictional basis for this Court to exercise subject matter jurisdiction under 28 U.S.C. § 1334.

B. Diversity Jurisdiction

Even though DEES based jurisdiction in its Complaint upon 28 U.S.C. § 1334, Defendants also argue that this suit lacks complete diversity of citizenship.[5] Ohio Gathering is a limited liability company, 60% of which is owned by MarkWest. 55% of MarkWest is owned by MarkWest Utica Operating Company, L.L.C. ("Utica Operating"). MarkWest Energy Partners, L.P. owns 100% of Utica Operating, and

---

[4] In Cataldi, the Court noted that "the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding because litigation between two non-debtor entities could not conceivably have an effect on the bankruptcy estate." Id. at *14.

[5] Additionally, Defendants assert that DEES has not affirmatively alleged diversity jurisdiction. See Getty Oil Corp. v. Ins. Co. of N. Am.,841 F.2d 1254, 1259 (5th Cir. 1988)(quoting McGovern v. Am. Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975); see also Ill Cent. Gulf R. Co v. Pargas, Inc.,706 F.2d 633, 636 (5th Cir. 1983) ("The basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.").

MarkWest Energy Partners, L. P. is owned 100% by its partners, MPLX L.P. (99%) and MWE GP L.L.C. (1%). (Doc. 18, fn. 8; Doc. 9; Doc. 10).

MPLX L.P. is a publicly traded master limited partnership and has limited partners who reside in Louisiana. (Doc. 18, fn.8). A limited liability company ("LLC") is a citizen of every state in which any member of the company is a citizen, and the citizenship of an LLC is determined by the citizenship of all its members. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships or LLCs, corporations or other entities, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. <u>Fidelity & Deposit Co. of Md. v. Blount Bros. Constr.</u>, 17-1345, 2017 U.S. Dist. LEXIS 177248 (W.D. La. Oct. 24, 2017). Thus, for diversity purposes, Defendants Ohio Gathering and MarkWest are citizens of Louisiana. The Court further finds that this lawsuit lacks complete diversity.

    C.    <u>Personal Jurisdiction</u>

Defendants argue that the sale of DEES's claim to GBT destroyed personal jurisdiction. Bankruptcy Rule 7004 governs personal jurisdiction under the Code and provides that "serving a summons or filing a waiver of service in accordance with this rule . . . is effective to establish personal jurisdiction over the person of any defendant with respect to a case . . . arising in or related to a case under the Code." Rule 7004 (f). Bankruptcy cases are an exception to Federal Rule of Civil Procedure 4(k)(1)(A), which generally limits *in personam* jurisdiction of a federal court over non-resident

defendants to that of a court of general jurisdiction in the forum state. However, because DEES's interest in this case has been transferred to GBT, Federal Rule of Civil Procedure 4 applies to determine personal jurisdiction, not Bankruptcy Rule 7004.

Defendants argue that this Court lacks both specific and general jurisdiction over them. As to specific jurisdiction, Defendants assert that there are insufficient minimum contacts with Louisiana for this Court to exercise personal jurisdiction. For a court to exercise personal jurisdiction over a defendant, a defendant must have "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and the exercise of personal jurisdiction over that defendant must not offend traditional notions of 'fair play and substantial justice.'" Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Defendants argue that the communications to negotiate the contract with DEES, who is based in Louisiana, are not sufficient to confer personal jurisdiction. An exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the *required* purposeful availment of the benefits and protections of a state's laws. See Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773 (5th Cir. 1986). Furthermore, "[r]andom, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174 (1985).

Defendants note that they are corporations registered outside of Louisiana and have their principal places of business outside of Louisiana. Defendants further note that all of the work under the contract was performed in Ohio. The Court agrees that Defendants do not have sufficient minimum contacts with Louisiana to permit this Court to exercise personal jurisdiction over them based on specific jurisdiction.

Defendants argue that this Court also lacks general jurisdiction over them. Specifically, they argue that the presence of LLC members who are Louisiana citizens[6] is not sufficient to confer personal jurisdiction. The Supreme Court has looked to an LCC's principal place of business and state of incorporation to determine whether a court can constitutionally exercise personal jurisdiction over an LLC. Daimler AG v. Bauman, 571 U.S. 117, 121 (2014). District courts have interpreted the Court's holding in Daimler to suggest that citizenship of the members of LLCs is irrelevant to the determination of whether the LLC is subject to personal jurisdiction. To determine whether the LLC is "at home" in the forum state, the courts look to the principal place of business. See, e.g., Duncanson v. Wine and Canvas IP Holdings LLC, 2017 WL 6994541, at *4 (S.D. Ind. Apr. 20, 2017); Mitchell v. Fairfield Nursing and Rehab. Ctr., LLC, 2016 U.S. Dist. LEXIS 46390, at *18-20 (N.D. Ala. Apr. 6, 2016); Finn v. Great Plains Lending, LLC, 2016 U.S. Dist. LEXIS 21558, at *6-7 (E.D. Pa. Feb. 23, 2016); Allen v. IM Solutions, LLC, 83 F.Supp.3d 1196, 1204-05 (E.D. Okla. 2015).

---

[6] (by virtue of a several-levels removed publicly traded parent company).

The Court finds that there is neither specific nor general jurisdiction over Defendants. Therefore, there is no valid basis to exercise personal jurisdiction over these Defendants.

III. <u>Conclusion</u>

For the foregoing reasons,

IT IS RECOMMENDED that Defendants' Motion to Dismiss Complaint (Doc. 6) be GRANTED for lack of jurisdiction and that this lawsuit be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __30th__ day of _____January_____, 2019.

                                                        Joseph H.L. Perez-Montes
                                                       United States Magistrate Judge